**Roy S. BELL, Plaintiff,**

v.

**Richard P. SEITER, et al., Defendants.**

**No. C–1–86–160.**

United States District Court,
S.D. Ohio, W.D.

Sept. 19, 1988.

Roy S. Bell, Lucasville, Ohio, pro se.

Steven P. Fixler, Asst. Atty. Gen., Cincinnati, Ohio, for defendants.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 21) and plaintiff's objections thereto (doc. no. 23). The Magistrate recommends that defendants' Motion for Summary Judgment be granted, that plaintiff's Motions for Appointment of Counsel be denied, and that the Complaint be dismissed with prejudice. Plaintiff objects to the Magistrate's Report on the grounds that his analysis and findings are contrary to law, and plaintiff maintains that further discovery is necessary and should be permitted to proceed.

The Court finds that the Magistrate has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case. Accordingly, the Court ADOPTS the Magistrate's factual findings and legal reasoning and concludes that further discovery will not change the state of the law and, therefore, will not provide plaintiff with a cause of action for which relief may be granted.

The basis of plaintiff's alleged violation of his constitutional rights stems from a "shake down" of his cell during which marijuana was discovered; in addition, plaintiff failed to obey a direct and reasonable order of a correctional officer. Plaintiff was subsequently confined to the Local Control cell block of the Southern Ohio Correctional Facility ("SOCF") as a result of disciplinary proceedings conducted with regard to this incident.

Plaintiff complains of his treatment from the time his violations of SOCF rules were discovered until the time of his return to the general prison population.

In his objections to the Magistrate's Report and Recommendation, plaintiff argues that "attempts to mold or modify prisoners'

behavior without a showing of individual need" are unacceptable in a civilized society. He further states that the regulations are designed "by prison sociologists to 'mold' the prisoners to whatever norm is fashionable in their profession this year."

Inmates, however, must obey the reasonable rules of the institution in which they are housed. It is proper to mold and modify prisoners' behavior so that they accept the fact that they must obey those reasonable rules. This requirement is not a fad or a subjective whim from any particular profession, it is a mandate of law.

Based upon the foregoing, and upon a careful review of the entire record especially in light of plaintiff's objections, this Court finds that plaintiff's constitutional rights have not been violated. The restrictions imposed upon plaintiff are reasonable and necessary to further the important governmental interests of rehabilitation, internal security, order and discipline; and the restrictions provide the necessary safeguards to protect the rights of other individual prisoners. Further, the remainder of plaintiff's contentions have either been adequately addressed and properly resolved by the Magistrate or present no particularized arguments that warrant additional specific response by this Court.

Accordingly, the Report and Recommendation of the United States Magistrate is hereby ADOPTED; defendant's Motion for Summary Judgment (doc. no. 10) is hereby GRANTED; plaintiff's requests for appointment of counsel are hereby DENIED, and plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.